IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JERRY LEWIS FLOWERS, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 112-119 |
| DENNIS BROWN, Warden, et al., | ) ) | |
| Defendants. | ) ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 18).[1] The above-captioned case was filed on August 22, 2012. On November 8, 2012, the Magistrate Judge directed Plaintiff to file an amended complaint due to Plaintiff's failure to explain how any of the named Defendants were associated with, or responsible for, the events that constituted the basis for his original complaint. (Doc. no. 11.) In that Order, the Magistrate Judge clearly instructed Plaintiff that his amended complaint would supersede and replace in its entirety the previous complaint. (Id. at 5.) On November 27, 2012, Plaintiff filed an amended complaint, which included a series of attachments documenting his medical

---

[1]Notably, despite the Court's previous Order directing Plaintiff to resubmit his amended complaint with an original signature because it was unsigned (see doc. no. 14) – and despite the accompanying explanation therein that *all* documents filed with the Court by a *pro se* litigant must contain an original signature pursuant to Fed. R. Civ. P. 11(a) – Plaintiff's objections are not signed as required. In any event, as explained below, Plaintiff's objections are meritless and provide no basis for departing from the conclusions in the R&R.

history. (Doc. no. 13.) As Plaintiff failed to sign his amended complaint, the Magistrate Judge then directed Plaintiff to refile his complaint with an original signature within 14 days of the date of that Order. (Doc. no. 14.) Plaintiff timely complied, and the Magistrate Judge entered an R&R on January 2, 2013, recommending that the amended complaint be dismissed for failure to state a claim. (Doc. no. 16.)

In his objections, Plaintiff essentially restates for the third time his narrative of the events that inspired him to file the instant lawsuit. (See generally doc. no. 18, pp. 1-10.) Plaintiff has additionally reattached the same series of medical documents that were attached to his amended complaint. (See id. at 13-32.) Plaintiff does provide in his objections a considerable amount of new information concerning and allegations against "Registered Nurse P. Sawyer," but she is not named as a Defendant in this case – and in fact was not mentioned at all in the amended complaint – despite Plaintiff having been given a clear opportunity to name as Defendants whomever he deemed appropriate when he filed his amended complaint. (See id. at 1-3.) Plaintiff additionally attempts to improperly assert in his objections new claims for deliberate indifference, wherein a nurse at the Medical College of Georgia allegedly caused his hand to swell after she drew blood from it. (Id. at 7-8.)

In short, Plaintiff improperly asserts in his objections new allegations that are either tangentially related or entirely unrelated to the claims in his amended complaint, and otherwise simply restates the allegations from his original and amended complaints. Most importantly, he does not offer any new information or evidence that warrants a deviation from the Magistrate Judge's recommendation. Thus, Plaintiff's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the

opinion of the Court. Therefore, Plaintiff's amended complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, and this civil action is **CLOSED**.

SO ORDERED this 26th day of February, 2013, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA